WILLIAMS *et al*
*vs*
THRUSTON.

---

COVENANT.

# Williams *et al. vs* Thruston.

## ERROR TO THE JEFFERSON CIRCUIT.

*Case* 49.

*October* 15.

*Covenants. Contract. Construction.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

The case stated.

THE plaintiffs in error employed Charles M. Thruston as counsel to defend a writ of right which was pending against them and others for a square in Louisville, and agreed to pay him not only a certain fee, but also $1000 more, in the event of their "finally succeeding in all the "Courts in holding said square, and defeating said suit or "writ of right."

A covenant to pay $1000 as a fee in case of final success in all the courts in holding the property, is due on procuring a non-suit when limitation bars any subsequent action.

Afterwards, having succeeded in non-suiting the demandants, when a new writ would be barred by time, Thruston brought this action for the said $1000, and recovered a judgment therefor, which this writ of error brings up for revision.

The only question is, whether by keeping off a trial until a new suit would be barred, and then forcing a non-suit, as Thruston seems to have done, the plaintiffs in error "finally succeeded in all the Courts, in holding said square and defeating said suit?" And we think they did. The great object was to get clear of the pending action in such a manner as to be able to hold the square securely against the claim of the demandents. And that end has been as effectually accomplished as it could have been by judgment on the merits and an affirmance of it by this Court. Succeeding in any one Court in such a manner as to bar any other suit, was virtually and substantially succeeding in "all the Courts;" and it is not material whether such a bar results directly from the judgment it

self, *proprio vigore,* or from the positive law as a necessary consequence of that judgment. In either case, and in each equally, the successful party "finally succeeded in all the Courts," and *defeated the writ of right.*

As it appears, therefore, that Thruston, as counsel, defended the writ of right, filed pleas, and so managed the case, as to procure a non-suit at a time when, no new writ could be maintained, we are of the opinion that, according to the spirit and true intent of the condition in his contract, he is entitled to the contingent fee of $1000.

Wherefore, the judgment is affirmed.

*Loughborough* for plaintiffs: *Pirtle* for defendant.